# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 564 | **DATE** | 1/23/2003 |
| **CASE TITLE** | CAPITAL CITY FINANCIAL GROUP, INC. vs. COUNTY OF COOK | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Status hearing held and continued to 2/6/03 at 9:00 a.m. Enter Memorandum Opinion And Order. Defendant, County of Cook's motion to alter or amend judgment is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JAN 27 2003 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 6 1 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| LG | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



CAPITAL CITY FINANCIAL GROUP, )
INC., an Indiana corporation, )
　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　)　Case No. 01 C 564
　　　Plaintiff, 　　　　　　　 )
　　　　　　　　　　　　　　　)　Honorable John W. Darrah
　　　v. 　　　　　　　　　　　)
　　　　　　　　　　　　　　　)
COUNTY OF COOK, an Illinois 　)
corporation, 　　　　　　　　　)
　　　　　　　　　　　　　　　)
　　　Defendant. 　　　　　　　)

## MEMORANDUM OPINION AND ORDER

Defendant, County of Cook ("the County"), pursuant to Federal Rule of Civil Procedure 59(e), moves for reconsideration of this Court's Memorandum Opinion and Order dated October 16, 2002, denying the County's Motion for Summary Judgment as to Count III of Plaintiff's, Capital City Financial Group, Inc.'s ("Capital City"), complaint. For the reasons that follow, the County's Motion to Alter or Amend Judgment is denied.

## LEGAL STANDARD

Motions for reconsideration serve a limited function of correcting manifest errors of law or fact or presenting newly discovered evidence or an intervening change in the law. *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998). Reconsideration is appropriate when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Spearman Indus., Inc. v. St. Paul Fire & Marine Ins. Co.*, 139 F. Supp. 2d 943, 945 (N.D. Ill. 2001) (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F2d 1185, 1191 (7th Cir. 1990)). A motion



for reconsideration cannot be used to introduce new legal theories for the first time, to raise legal arguments that could have been heard during the pendency of the previous motion, or to present evidence that could have been adduced during the pendency of the original motion. *Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985); *In re Oil Spill by the "Amoco Cadiz" off the Coast of France on March 16, 1978*, 794 F. Supp. 261, 267 (N.D. Ill. 1992). Movants should not use a motion for reconsideration to rehash arguments previously rejected by the court. *Sikora v. AFD Indus., Inc.*, 18 F. Supp. 841, 844 (N.D. Ill. 1998).

## ANALYSIS

The County requests that this Court reconsider its decision of October 16, 2002. In a Memorandum Opinion and Order, this Court denied the County's and Capital City's Motions for Summary Judgment as to Count III, holding that there was a genuine issue of material fact as to whether Capital City's reliance on the misrepresentations of Provident Hospital's Associate Administrator of Finance, Earl Bell, was justified. The County argues that reconsideration is proper because the Court based its denial of the County's Motion for Summary Judgment on the following manifest errors of law and fact: the Court's determination that (1) Bell's representations were binding on the County, (2) the factored accounts receivable from Swerbeh, Ltd. created a genuine issue of material fact, and (3) the County asserted that there were material issues of fact with respect to Bell's knowledge.

Each of the arguments that the County asserts were raised in its own Motion for Summary Judgment and in its opposition to Capital City's Motion for Summary Judgment. The Court considered all of the issues raised by the County at that time.

To prevail on a motion for reconsideration under Rule 59, the movant must present

either newly discovered evidence or establish a manifest error of law or fact. . . . A "manifest error" is not demonstrated by the disappointment of the losing party. It is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." . . . Contrary to this standard, [the County's] motion[] merely t[akes] umbrage with the [C]ourt's ruling and rehash[es] old arguments."

*Oto v. Metro. Life. Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997). The County's motion to reconsider does not demonstrate that this Court disregarded, misapplied, or failed to recognize controlling precedent and, therefore, is denied.

## CONCLUSION

For the reasons stated herein, Defendant's, County of Cook's, Motion to Alter or Amend Judgment is denied.

**IT IS SO ORDERED.**

Date: January 23, 2003

John W. Darrah, Judge
United States District Court